UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA L. HIRT,<br><br>            Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No.: 2:20-cv-01784-NJK<br><br>**ORDER**<br><br>[Docket No. 24] |

Pending before the Court is a stipulation for attorneys' fees and expenses.  Docket No. 24; *see also* Docket No. 25 (supporting memorandum). For the reasons discussed below, the stipulation is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**

This is an action for judicial review of the denial of social security benefits.  On June 8, 2021, the Court issued an order granting the parties' joint stipulation for voluntary remand for further administrative action pursuant to the Social Security Act § 205(g), as amended, 42 U.S.C. § 405(g).  Docket No. 22 at 1-2. The order included directions for the Clerk of the Court to enter a final judgment in favor of the Plaintiff which the Clerk did. Docket No. 23.

On August 11, 2021, Plaintiff filed the instant stipulation for an award of $4,100 in attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA").  Docket No. 24. Plaintiff accompanied this filing with a supporting memorandum and documentation. Docket No. 25.

**II.   LEGAL STANDARD**

The Court has an independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed.  *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020); *see also Lucas v. White*, 63 F. Supp. 2d

1046, 1060 (N.D. Cal. 1999); *Antunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017). This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections"); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (case law interpreting § 1988 applies equally to the task of determining a reasonable fee under the EAJA). This obligation is also highlighted by the Court's Local Rules. *See* LR 7-2(d) (an unopposed motion may be summarily granted except, *inter alia*, a motion for attorneys' fees); LR 54-14(d) ("If no opposition is filed, the court may grant the motion [for attorneys' fees] after independent review of the record").

Fees awarded pursuant to the EAJA are calculated pursuant to the lodestar method. *Costa*, 690 F.3d at 1135. Under the lodestar method, the Court determines a fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). Courts have "substantial discretion in fixing the amount of an EAJA award." *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

### III. ANALYSIS

#### A. Judicial Review

Plaintiff attempts to interfere with the Court's obligation to examine the reasonableness of the requested fees rigorously. Docket No. 25 at 10. Specifically, Plaintiff submits that the Court should ignore its obligation in favor of allowing a settlement regarding the amount of owed attorney's fees. In effect, Plaintiff asks the Court to approve her fee request without reviewing the factual premises upon which the fee request relies, including the hours claimed to be expended and the hourly rate purported to be reasonable. To do so would nullify the Court's independent legal obligation to review the reasonableness of the requested fees. Thus, the Court will assess the reasonableness of the instant request for attorneys' fees by reviewing the hours claimed to be expended and the hourly rate purported to be reasonable.

### B. Hours Expended

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Plaintiff seeks to recover for 19.3 hours of attorney time spent on this case. Docket No. 25 at 6. The billing records show that two attorneys from the out-of-state Law Office of Rohlfing & Kalagian, LLP worked on this case: Young Cho and Marc V. Kalagian. Docket No. 25-1 at 1. The billing records suggest that Mr. Kalagian conducted most of the outward facing legal work and Mr. Cho did the bulk of the research and writing on behalf of Plaintiff's administrative denial. This delegation of work seems reasonable and the Court will therefore include 19.3 hours of attorney time in the lodestar calculation.

Plaintiff also seeks to recover for 1.2 hours of paralegal time. Docket No. 25 at 6. Time spent by a paralegal on clerical matters is part of a law firm's overhead and is not recoverable under the EAJA. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Tasks such as organizing documents and maintaining a case file are clerical in nature. *See id.* "Receipt" of a court order or other document is similarly clerical in nature. *See, e.g.*, *McDade v. Saul*, 2019 WL 6251229, at *6 (N.D. Cal. Nov. 22, 2019); *Garcia v. Colvin*, 2013 WL 5347494, at *7–8 (E.D. Cal. Sept. 23, 2013); *Santos v. Astrue*, 2008 WL 2571855, at *3 (C.D. Cal. June 26, 2008). Here, the billing records show five instances of a paralegal's "receipt" of an order or other document, amounting to 0.5 hours. Docket No. 25-1 at 1. The Court will exclude these hours for clerical work and will therefore include 0.7 hours of paralegal time in the lodestar calculation.

Accordingly, the Court will calculate the lodestar using 19.3 hours of attorney time and 0.7 hours of paralegal time.

. . . .

3

### C. Hourly Rate

Under the EAJA, reasonable attorneys' fees "shall be based upon prevailing market rates of the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). A cost-of-living adjustment is not automatic. *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989). Whether to adjust the hourly rate to compensate for inflation is a matter entrusted to the Court's discretion. *Sorenson v. Mink*, 239 F.3d 1140, 1148–49 (9th Cir. 2001) ("District courts *may* adjust that fee to compensate for an increase in the cost of living") (emphasis added); *see also Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005). The movant bears the burden of establishing a sufficient basis for such an enhancement. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Even when a showing has been made for enhanced rates under the EAJA, the movant must also show that those rates are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Nadarajah*, 569 F.3d at 916; *see also Bryant*, 578 F.3d at 450.

Plaintiff seeks an hourly attorney rate of $213.74. Docket No. 25 at 6. Plaintiff fails to include any information showing that such a rate is in line with the prevailing rates in the community for similar services by lawyers of comparable skill, experience, and reputation. Plaintiff merely submits that such a rate is proper based on an increase in the cost of living. *Id.* However, a cost-of-living adjustment is not automatic. Absent any additional reason as to why such an increase is proper, the Court finds that Plaintiff fails to provide sufficient information permitting the Court to exercise its discretion to increase the attorney hourly rate provided for in the EAJA. Therefore, the Court will calculate the attorneys' fees at the $125 statutory cap.

Plaintiff also seeks an hourly paralegal rate of $124.75. Docket No. 25 at 6. In support of this proposed paralegal rate, Plaintiff again submits generalized statements about the increase in cost of living without further support for an increase, such as a proper showing of higher skill and experience than other paralegals in the area. Plaintiff's only factual showing on paralegal rates in

this forum is made through reference to a consumer law survey, whose results Plaintiff adjusted to the current cost of living. Simply referencing this report is insufficient to warrant a cost of living adjustment. *See Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1300—01 (E.D. Cal. 2014). As discussed, a cost-of-living adjustment is not automatic. Moreover, Plaintiff fails to demonstrate how the market rate for consumer law paralegals translates to the reasonable rate for paralegal services in this social security case. Mere reference to the consumer law survey is not grounds to award the rate sought. *See Rosemary C. v. Berryhill*, 2018 WL 6634348, at *5 (D. Me. Dec. 19, 2018) (discounting value of consumer law survey given that it does not specify that it includes data for paralegals working in the social security field). Additionally, the paralegal rate proposed in this case falls at the high end of the rate for a senior paralegal in this District who is working on more complex legal matters. *See, e.g.*, *Int'l Inst. of Mgmt. v. Org. for Econ. Coop. & Dev.*, 2019 WL 5578485, at *7 (D. Nev. Oct. 29, 2019) (in copyright infringement case, noting that the typical range for paralegal rates in Las Vegas is $75 to $125). For these reasons, the Court finds that Plaintiff fails to provide sufficient evidence justifying the proposed paralegal rate. The Court will therefore set an hourly paralegal rate of $75.

Accordingly, the Court will calculate the lodestar with attorney rates of $125 and paralegal rates of $75.

### D. Lodestar Calculation

In light of the above, the Court will award attorneys' fees in the amount of 19.3 hours of attorney time at the hourly rate of $125 plus 0.7 hours of paralegal time at the hourly rate of $75. Accordingly, attorneys' fees will be awarded in the amount of $2,465.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

### IV. CONCLUSION

For the reasons discussed above, Plaintiff's request for fees and expenses, Docket No. 24, is hereby **GRANTED** in part and **DENIED** in part. Attorneys' fees are awarded in the amount of $2,465. These fees awarded under the EAJA must offset any later attorneys' fees awarded under 42 U.S.C. § 406(b), if such an award is made.

IT IS SO ORDERED.

Dated: August 16, 2021

_____
Nancy J. Koppe
United States Magistrate Judge